HLD-151      (June 2010)                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2796
_____

IN RE:  ARI BAILEY, Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 10-cv-01834)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 30, 2010
Before:  MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges
Opinion filed: July 26, 2010
_____

OPINION
_____

PER CURIAM.

Petitioner Ari Bailey seeks a writ of mandamus concerning a civil case that

he filed in the United States District Court for the Eastern District of Pennsylvania.  We

will deny the petition.

An inmate of the United States Prison at Lewisburg, Pennsylvania ("USP-

Lewisburg), Bailey identifies himself in his mandamus petition as the class representative

for numerous plaintiffs.  In April 2010, Bailey initiated a civil action in the District Court

by filing an application to proceed in forma pauperis.  By order entered May 5, 2010, the

District Court, without reaching the merits of the claims, directed the clerk to close the case statistically. The District Court noted that each individual plaintiff must sign the complaint in accordance with Federal Rule of Civil Procedure 11, and that each plaintiff must either pay the filing fee or file a motion to proceed in forma pauperis. The District Court also noted that USP-Lewisburg is located in the Middle District of Pennsylvania. Bailey asks this Court for assorted relief, including reversal or vacation of the District Court's order, transfer of the action to the United States District Court for the Middle District of Pennsylvania, and clarification of the application of Federal Rule of Civil Procedure 23 (concerning class actions) to 28 U.S.C. § 1915 (the in forma pauperis statute). He also requests that we compel the defendants in his lawsuit to allow him to obtain the necessary signatures of all the plaintiffs under escort through the prison, and that we issue summons under Federal Rule of Civil Procedure 4(a).

A writ of mandamus is an extraordinary remedy. See In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). The petitioner must have no other adequate means to obtain the relief desired and the petitioner must show a "clear and indisputable" right to the writ. See Kerr v. United States District Court, 426 U.S. 394, 403 (1976).

To the extent that Bailey seeks review of the District Court's order, he has an alternative means to raise his challenges concerning the individual plaintiff fee status issue in a proper appeal, which may be commenced after the District Court has entered an

2

appealable order.[1]  Mandamus is not a substitute for an appeal.  See Madden v. Meyers, 102 F.3d 74, 77 (3d Cir. 1996).  Bailey also asks us to facilitate his preparation of the complaint in obtaining signatures and to direct service to be made, to transfer his case to the United States District Court for the Middle District of Pennsylvania, and to otherwise opine or assist with the merits of his case.  To the extent that any of these requests could be a proper form of mandamus relief, we conclude that such relief is not warranted here.  We decline to grant the extraordinary remedy of mandamus in this situation.  Bailey has not shown that he lacks any other means of obtaining relief.  We note that his complaint was not officially filed as part of the record while the case was in the preliminary posture pending the resolution of the plaintiffs' fee statuses, and that the matter is on appeal.

Accordingly, we will deny Bailey's mandamus petition.

---

[1] We acknowledge that Bailey makes reference to his appeal in C.A. No. 10-2507.  That appeal is not before us, and we do not comment on appellate jurisdiction over that appeal or on the merits of that appeal.